■　CONSTRUCTION MANAGEMENT CORP. et al., Appellants, v. BROWN & ROOT, INC., et al., Respondents.— Judgment in favor of defendants dismissing complaint after nonjury trial unanimously modified, on the law and on the facts, to reinstate the second cause of action relating to the storage battery and battery charger, sever, and remand the same for trial to assess the damages thereunder, and otherwise the judgment is affirmed, without costs or disbursements to any party. In this action to recover damages for breach of contract under a subcontract for failure of defendant general contractors to supply certain equipment, an ambiguity exists as to the meaning of " station piping " expressly excluded from the specifications defining the obligations of the electrical equipment supplier. In consequence, extrinsic evidence of the meaning of the term was required and received. On the merits and because the determination of the officer in charge of construction was conclusive as to questions of fact and mixed questions of fact, under the subcontract and applicable statutes, the first cause of action was properly dismissed (U. S. Code, tit. 41, §§ 321–322). With respect to the storage battery and battery charger a different situation is presented. These items of equipment were not expressly denominated in the exclusion and were contained in the specifications (yellow sheets) primarily addressed to the electrical equipment supplier. The argument is made by defendants that the items were nevertheless excluded from the obligations of the electrical equipment supplier (and therefore imposed as obligations on plaintiff subcontractors) because the purchase orders (pink sheets) submitted with the specifications and each made an integral part of the other did not include these items, from which the subcontractors must have known that they would have the obligation to supply the questioned items. The argument is insufficient. In the first place, one may conclude as a matter of law that the subcontractors had the right to rely on the completeness of express and unambigu-

ous exclusions, none of which included the storage battery or battery charger, without having the further burden of following a maze of language and interlocking provisions with the resultant obligation of discovering that the exclusion list (par. .06) was erroneous by way of omission. In the second place, the purchase orders, primarily directed to the electrical equipment supplier, in their references to specifications which refer, in turn, to auxiliary and accessory equipment (e.g., par. 33, subd. e), arguably included the questioned items. At least, the subcontractors had the right to so conclude. The detailed description of the questioned items in the specifications (pars. 27, 33, subd. e) addressed primarily to the electrical equipment supplier and the reference (pars. .04, 29 through 33) in the purchase order of July 23 misleadingly offset the exclusion of specifications confined to the questioned items (pars. 27, 33, subd. e) from the specifications elsewhere enumerated in the purchase order of July 21 (pars. .04 through 20, 28 through 32). Settle order on notice containing new findings of fact to the extent required (CPLR 5712, subd. [c], par. 2). Concur — Botein, P. J., Breitel, McNally, Stevens and Eager, JJ. [41 Misc 2d 864].